UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:10-CR-61-REW-HAI |
| v. | ) ) | ORDER |
| BILLY HALL, | ) ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On February 24, 2023, Defendant Billy Hall appeared before United States Magistrate Judge Hanly A. Ingram for a hearing (on referral) regarding USPO's recommendation to remove two of Hall's extant special conditions of supervised release. *See* DE 139 (Minute Entry for Hearing). USPO recommended removing two special conditions—one that prohibited Hall from driving and the other mandating home detention for one year following his release from imprisonment. *See* DE 142 (Sealed Modification Request). The Government opposed the USPO's requests. *See* DE 125 (Response).

Accordingly, Judge Ingram entered a recommended disposition. *See* DE 141. Judge Ingram recommended the Court deny the requested modification. *Id.* at 6. Neither Hall nor the Government has filed any objections to Judge Ingram's recommendation. The Court has reviewed the full record and finds the process followed, considerations made, and result crafted by Judge Ingram appropriate. Judge Thapar did the original calculus here. As Judge Ingram observed, nothing warrants upsetting Judge Thapar's purposeful result.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v.*

*Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise [an] argument in his objections to the magistrate[ judge]'s report and recommendation . . . [he] has [forfeited] his right to raise this issue on appeal.'" (alterations in original) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Thus, with no objection from any party and on full review of the record, the Court **ORDERS** as follows:

1. The Court **ADOPTS** DE 141 and;
2. The Court **DENIES** the USPO's request for modification of Defendant Billy Hall's special conditions of supervised release.

This the 22nd day of March, 2023.

Signed By:
*Robert E. Wier* REW
United States District Judge